UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**JAMAAL DIGGS #486702**          **CASE NO. 6:17-CV-01624 SEC P**

**VERSUS**                        **UNASSIGNED DISTRICT JUDGE**

**DARREL VANNOY**                 **MAGISTRATE JUDGE WHITEHURST**

### REPORT AND RECOMMENDATION

Pro se petitioner Jamaal Diggs, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on December 11, 2017. Petitioner attacks his 2012 conviction for second degree murder and the life sentence imposed thereafter by the Fifteenth Judicial District Court, Vermilion Parish, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### I.  Background

On October 24, 2012, a jury found petitioner guilty as charged of second degree murder and he was sentenced to serve life in prison without the benefit of parole, probation, or suspension of sentence. His retained appellate attorney argued the following assignments of error on direct appeal to the Third Circuit Court of Appeal: (1) evidence at trial was contradictory, inconsistent and tainted, therefore, legally insufficient; and (2) his sentence was unconstitutionally excessive. On

February 12, 2014, the Third Circuit affirmed petitioner's conviction and sentence. *State of Louisiana v. Jamaal Cole Diggs*, 13-766 (La. App. 3 Cir. 2/14/2014), 154 So.3d 15; *see also* Rec. Doc. 1-3, pp. 4-15.  Petitioner did not file an application for writ of certiorari in the Louisiana Supreme Court. See Rec. Doc. 1-2, p. 3.

On February 11, 2015, petitioner filed a pro se application for post-conviction relief in the Fifteenth Judicial District Court. [Rec. Doc. 1-3, pp. 23-56].  Petitioner alleged three claims for relief: (1) ineffective assistance of trial counsel in failing to object when prosecutor elicited police officer testimony of petitioner's post-*Miranda* exercise of his Fifth Amendment right against self-incrimination; (2) ineffective assistance of appellate counsel in failing to raise the issue of trial counsel failing to object to the prosecutor elicited police officer testimony; (3) ineffective assistance of trial counsel in failing to raise issue of impeached testimony, standing alone, being unconstitutionally used to obtain conviction; and (4) ineffective assistance of trial counsel in failing to object to prosecutorial misconduct where prosecutor made prejudicial remarks concerning facts not offered in evidence. [Rec. Doc. 1-3, p. 41]

The trial court denied plaintiff's application on August 10, 2015. [Rec Doc. 1-4, pp. 2-3] On September 8, 2015, Petitioner sought further review in the Third Circuit Court of Appeal [Rec. Doc. 1-4, pp. 5-30] and on March 14, 2016, in Docket Number KH-15-00853, the Court of Appeal denied writs, finding no error in the trial court's ruling. [Rec. Doc. 1-4, p. 32]  Thereafter, Petitioner filed an application for

2

writs in the Louisiana Supreme Court. [Rec. Doc. 1-4, pp. 35-57] On September 29, 2017, that court denied writs without comments. *State of Louisiana ex rel. Jamaal Cole Diggs v. State of Louisiana*, 2016-KH-0697 (La. 9/29/2017), 227 So.3d 260; *see also* Rec. Doc.1-4, p. 60] Petitioner asserts, however, that he did not receive the Court's ruling until November 9, 2017, due to a delay in the sending of the Court's ruling, established by correspondence sent from Louisiana Supreme Court Clerk of Court, John Tarlton Olivier, and attached as an exhibit to the instant petition. [Rec. Doc. 1-3, p. 2]

Petitioner filed the instant petition on December 11, 2017. He argues the following claims for relief: (1) the evidence at trial was contradictory, inconsistent and tainted, therefore legally insufficient to establish the defendant's guilty behind reasonable doubt; (2) should a defendant be automatically imprisoned for life without the chance or opportunity to ever be released without a meaningful and particularized evaluation of an appropriate sentence in view of *Dorthey* and its progeny; (3) trial counsel in failing to object when prosecutor elicited police officer testimony of petitioner's post-*Miranda* exercise of his Fifth Amendment right against self-incrimination; (4) trial counsel failed to object to prosecutor elicited police officer testimony of petitioner's post-Miranda silence and ask for a mandatory mistrial/appellate counsel failed to raise the issue on direct appeal; (5) trial counsel failed to raise issue of impeached testimony, standing alone, being

3

unconstitutionally used to obtain conviction; and (6) trial counsel failed to object to prosecutorial misconduct where prosecutor made prejudicial remarks concerning facts not offered in evidence.

## II.     Law and Analysis

### A.  Standard of Review - 28 U.S.C. § 2254

The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2254, governs habeas corpus relief. The AEDPA limits how a federal court may consider habeas claims. After the state courts have "adjudicated the merits" of an inmate's complaints, federal review "is limited to the record that was before the state court[.]" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). An inmate must show that the adjudication of the claim in state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

A decision is "contrary to" clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Dowthitt v. Johnson*, 230

4

F.3d 733, 740-41 (5 Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state court decision." *Id.* at 740. Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court "identifies the correct governing legal principle from . .. [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." *Id.* at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**B.  Timeliness**

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the

5

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).

However, the statutory tolling provision of 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Federal courts have interpreted § 2244(d)(1)(A) to provide that the state court judgment is not final for habeas purposes until the 90 day period for filing a writ of certiorari to the United States Supreme Court has run (see Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999)). "Direct review, which includes a petition for certiorari to the Supreme Court, occurs 'when the Supreme Court either rejects the petition for certiorari or rules on its merits.' *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir.2003). If no petition is filed, then we examine the second method of creating finality, 'the expiration of the time for seeking such review.' *Id*. If a criminal defendant has pursued his direct appeal through the highest state court, then this period includes the 90 days for filing a petition for certiorari to the Supreme

6

Court. *Id.* If not, then it includes the time for seeking further state-court direct review. *Id.* At the conclusion of these periods, the judgment becomes final." *Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004)(emphasis supplied).

Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999). Petitioner concedes that his petition is untimely. The respondent, however, asserts that the petition is timely and failed to address equitable tolling of the one year time limitation. Accordingly, the Court will raise the time limitation *sua sponte*.

As shown above, petitioner concedes, and the published jurisprudence confirms, that petitioner did not seek further direct review of his conviction and sentence in the Louisiana Supreme Court. His judgment of conviction and sentence thus became final by "...the expiration of the time for seeking such review..." Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..." On February 12, 2014, the Third Circuit affirmed petitioner's conviction and sentence. *State of Louisiana v. Jamaal Cole Diggs*, 13-766 (La. App. 3 Cir. 2/14/2014), 154 So.3d 15; *see also* Rec. Doc. 1-3, pp. 4-15. Thus, petitioner's judgment of conviction and sentence became final for AEDPA purposes thirty days later, or on or about March 14, 2014, when the delays for filing in the Supreme Court lapsed. Petitioner

7

therefore had one year, or until March 14, 2015, to file his federal habeas corpus petition.

Petitioner was able to toll the AEDPA's limitations period when he filed his Application for Post-Conviction Relief in the District Court. However, he did not file his application until February 11, 2015, and by that time, a period of almost eleven months (334 days) of the 1-year limitations period had expired un-tolled. Thereafter petitioner was able to toll limitations until September 29, 2017, when the Louisiana Supreme Court denied writs. *State of Louisiana ex rel. Jamaal Cole Diggs v. State of Louisiana*, 2016-KH-0697 (La. 9/29/2017), 227 So.3d 260. However, petitioner then allowed 75 days to elapse between the date the Supreme Court denied writs (September 29, 2017) and the date he signed and mailed the instant petition (December 11, 2017). In other words, the petition is clearly time-barred since 334 days elapsed un-tolled between the date of finality of judgment and the date he filed his application for post-conviction relief and 72 days elapsed thereafter between the date the post-conviction proceedings were terminated and the date he filed his federal *habeas* petition. More than one year elapsed untolled between the date of finality of judgment and the date the petitioner filed the instant petition.

### 1. Equitable Tolling

Petitioner argues for equitable tolling based on the State-created impediment, the delay of the Court Clerk in mailing the notice of the Louisiana Supreme Court's ruling on his post-conviction application. The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted).

"A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson,* 442 F.3d 872, 875 (5th Cir.2006). In other words, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327 (2007) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Of course, the habeas petitioner has the burden of establishing that he is entitled to equitable tolling, and Federal courts "must consider the individual facts and circumstances of each case in determining

9

whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002).

In this case, Petitioner argues that he is entitled to equitable tolling due to the Louisiana Supreme Court Clerk of Court's delay in mailing the Court's ruling on his post-conviction application. To bolster his argument, Petitioner attaches a letter from the Clerk of Court dated October 25, 2017, which states, "Due to a change in staff, these items [court actions and acknowledgement letters] have not been sent to the Legal Department at Angola for distribution since August 25, 2017. We expect to have forwarded all items since that date by Thursday, October 26, 2017." [Rec. Doc. 1-3, p.2] Petitioner contends that he did not receive the Court's ruling under November 9, 2017. Accordingly, he argues that the failure of the Court to provide timely notice of the denial of his writ provides sufficient reason to equitably toll the limitations period under the December 8, 2017 mailing of the instant habeas petition.

Petitioner's own allegations confirm that he did not act with due diligence during the one-year period. Petitioner squandered most of the one-year available under § 2244(d)(1), leaving little margin in the event of an error. Petitioner waited almost eleven months (334 days) after his conviction became final before mailing his state application on February 11, 2015. This left only 30 days of the one-year period to act once the state habeas proceedings concluded. Leaving little margin for error is not cautious and, clearly, not diligent. *See Schmitt v. Zeller*, 354 Fed. Appx.

10

950, 952 (5th Cir. 2009) (unpublished per curiam) (having only two months to act once the state habeas proceedings concluded, having squandered most of the one-year period before filing the state application, was a factor in denying equitable tolling); *Hudson v. Quarterman*, 332 Fed. Appx. 209, 210 (5th Cir.) (unpublished per curiam), cert. denied, 130 S. Ct. 442, 175 L. Ed. 2d 274 (2009) (eleven and one-half month delay in mailing state application after conviction became final did not evince due diligence; as such petitioner was not entitled to equitable tolling for two-week delay between mailing of state habeas application and its filing in state court).

Moreover, petitioner's lack of due diligence did not end here. Following the denial of his state application, he delayed another 75 days before handing his federal petition to prison officials for mailing. Petitioner states that he did not learn of the denial of his state writ until November 9, 2017. Even assuming the truth of this assertion, Petitioner still delayed an additional 29 days, between learning of the denial of the state writ and the mailing of the federal petition on December 8, 2017.

Petitioner's pleadings fail to provide an explanation for the lengthy delays in this case. Unexplained delays do not evince due diligence or rare and extraordinary circumstances. "[E]quity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Nor does Petitioner's pro se status and unfamiliarity with the law suffice as a basis for equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity

11

with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

The long delay noted above weighs heavily against a finding of equitable tolling in this case. *See Schmitt v. Zeller*, 354 Fed. Appx. 950, 951 (5th Cir. 2009) (declining to find equitable tolling where the petitioner waited 10 months after his conviction became final before applying for state habeas relief: "We have recognized that a component of the obligation to pursue rights diligently is not to wait until near a deadline to make a filing, then seek equitable tolling when something goes awry"). *See also Nelms v. Johnson*, 2002 U.S. App. LEXIS 29070 (5th Cir. 2002) (noting that the Court had "found no case in which equitable tolling was granted after a petitioner had let ten months of the ... limitations period slip by"). This is further illustrated in the case of *Davis v. Cain*, 2017 U.S. Dist. LEXIS 160974, 2017 WL 4296401, *4 (W.D. La. Aug. 8, 2017), where equitable tolling was denied to a petitioner who allowed 351 days of un-tolled time to elapse before commencing post-conviction proceedings in state court, thereby leaving only 14 days within which to file in federal court after the state process ended. As noted by the Court in that case, such a delay "is not due diligence." *See also Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999) (denying equitable tolling where the petitioner commenced his state post-conviction proceedings two days prior to the expiration of the one-year limitations period and filed his federal habeas corpus application 17 days after the

12

limitations period had expired); *Atkins v. Chappius*, 2017 U.S. Dist. LEXIS 63587, 2017 WL 1489140, *2 (W.D. NY April 26, 2017) (denying equitable tolling where "plaintiff waited until 12 days prior to the expiration of the statute to file his motion for collateral relief, indicating that he did not employ due diligence in pursuing his claims"); *Caddell v. Director, TDCJ-CID*, 2010 U.S. Dist. LEXIS 33367, 2010 WL 1417693, *3 (E.D. La. Mar. 11, 2010) (same where the petitioner waited 338 days after the finality of his conviction to commence state post-conviction proceedings); *Adams v. Quarterman*, 2008 U.S. Dist. LEXIS 22505, 2008 WL 763071, *4 (N.D. Tex. Mar. 20, 2008) (same where the petitioner commenced his state post-conviction proceedings with only five days remaining in the limitations period); *Harris v. Quarterman*, 2007 U.S. Dist. LEXIS 88989, 2007 WL 4258319, *4 (N.D. Tex. Dec. 4, 2007) (same where the petitioner commenced his state post-conviction proceedings with only one day remaining in the limitations period).

    Notwithstanding the initial long delay in commencement of his state post-conviction proceedings, Petitioner would apparently have this Court grant him equitable tolling because of the delay that occurred when the state court clerk's office failed to send him timely notice of the denial of his PCR application. As noted above, Petitioner the Clerk of Court for the Louisiana Supreme Court did not in fact forward notice of this denial until approximately one month after the Court's decision, and Petitioner asserts that he did not receive same until November 9, 2017.

This Court concludes, however, that Petitioner still has not shown that he acted with sufficient diligence to support the application of equitable tolling in this case.

As noted above, the Fifth Circuit has concluded that "[l]ong delays in receiving notice of state court action may warrant equitable tolling" under certain circumstances. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). Even then, however, a petitioner must show that he "'pursued the [habeas corpus relief] process with diligence and alacrity' both before and after receiving notification." *Id., quoting Phillips v. Donnelly*, supra 216 F.3d at 511. In the instant case, as noted above, Petitioner did not act with diligence prior to commencing his PCR proceedings in state court. *See Davis v. Cain*, supra, 2017 U.S. Dist. LEXIS 160974 (noting that the petitioner had not shown diligence and had "put himself in a dangerous position" by waiting until only a "precious 14 days" remained in the limitations period to commence his state PCR proceedings). Moreover, after the state court clerk's office mailed Petitioner the referenced notice on or about October 26, 2017 (which he allegedly received on November 9, 2017), Petitioner waited another month, until December 8, 2017, to mail his petition. As pointed out in *Davis v. Cain*, supra, 2017 U.S. Dist. LEXIS 160974, it was incumbent upon Petitioner, in light of the limited time remaining to him, to have anticipated the possibility of delay and to have taken some action to prepare his anticipated pleadings in advance so as to have them ready to file immediately upon receipt of notice of the state court's action.

Finally, while Petitioner was not legally required to file an earlier "protective" federal habeas corpus application in order to show that he was acting with diligence, *see Palacios v. Stephens*, 723 F.3d 600, 607-08 (5th Cir. 2013), *citing Pace v. DiGuglielmo, supra*, 544 U.S. at 416, such a filing would have potentially protected him from the running of the limitations period, and his failure to do so also weighs against a finding of equitable tolling in this case. *Id*. (noting that the petitioner's "failure to file a protective federal habeas petition weighs against but is not dispositive of, the reasonable diligence inquiry"). *See also Madden v. Thaler*, 521 Fed. Appx. 316, 323 (5th Cir. 2013) (concluding that, to show diligence, the petitioner "should have filed a protective federal petition").

Based on the foregoing, this Court should find that Petitioner is not entitled to equitable tolling. In short, Petitioner has not shown that he acted with reasonable diligence during the lengthy period that elapsed before he commenced his PCR proceedings in state court or during the interval that subsequently elapsed after he received notice, albeit late, of the denial of his PCR application by the state trial court. Accordingly, Petitioner has not made a showing sufficient to support a finding of rare and exceptional circumstances that warrant the application of equitable tolling.

Finally, in certain rare instances, a petitioner may seek to avoid the effect of untimeliness by establishing that he is in fact innocent of the charged offenses. *See*

15

*McQuiggin v. Perkins,* 569 U.S. 383, 133 (2013), The *McQuiggin* Court cautioned, however, that viable actual-innocence gateway claims are rare, explaining that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of ... new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 1928, *citing Schlup v. Delo,* 513 U.S. 298, 329 (1995) (internal quotation marks omitted). To be credible, a claim of actual innocence requires that a petitioner support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial. *Schlup v. Delo, supra*, 513 U.S. at 324. In the instant case, Petitioner has presented no new evidence, much less evidence sufficient to support a claim of actual innocence, and he has therefore failed to set forth a viable claim of actual innocence sufficient to avoid the operation of the limitations bar. Accordingly, Petitioner's application should be dismissed as untimely.

## II.    Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for habeas corpus be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See,** *Douglass v. United Services Automobile Association***, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2).

A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE in Chambers on this 18th day of September, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE